## No. 6581.

### OCTAVIE TREMOULET AND HUSBAND VS. MRS. LAURENT J. SIGUR ET AL.

One cannot collaterally attack a purchase of property made for him during his minority by his tutor. He must proceed directly to annul the judicial proceedings by which he acquired title.

APPEAL from the District Court for Iberville.    DEWING, J.

*E. D. White*, and *Mathews* for Plaintiff.    *Barrow & Pope*, and *Grace* for Defendants Appellants.

The suit is upon a note signed by John A. Sigur as tutor to Achille Sigur for a part of the purchase price of the Richland plantation, bought for the minor under the advice of a family meeting approved by the court. It had been delivered to the widow of Theodore Sigur in payment of her husband's debt to her, and Achille, sued after majority, contests his liability on the grounds that widow Theodore Sigur had really no claim against her husband, and his

Tremoulet *vs.* Sigur.

tutor no authority to buy the Richland plantation and give this note as tutor. To establish the first ground he offered in evidence a contract between John A. Sigur and Shiff & Co.

Octavie Tremoulet, the plaintiff, whose name gives title to the suit, and widow Theodore Sigur, whose name appears in the statement of facts culled from the opening part of the opinion, and Mrs. Gaillard, whose name will presently appear, are one and the same person.

After stating the case :—

De Blanc, J.  The introduction of the act was objected to by plaintiff, on the grounds, (1) that it was a private writing between parties who were not in court; (2) that the statements it contains were not made under oath; and (3) that its contents were, in no manner, made known to her.

The objection was sustained, and appellant excepted to the ruling.

The note sued upon by plaintiff represents, as to Mrs. Gaillard, in whose favor it was made, a balance due on the judgment obtained by her against her first husband; as to Achille Sigur, a part of the price owed by him for the purchase of the Richland plantation.

If it had not been applied to the satisfaction of Mrs. Gaillard's judgment, that part of the price would have passed to the legal representatives of Theodore Sigur. They alone could have opposed that application.

The excluded evidence, whatever it was, could not have reduced his own liability.

Appellant reiterates, in this suit, the allegation that the purchase, in his name and during his minority, of the Richland plantation, was a nullity.

That may be, a family meeting cannot authorize, in behalf of minors, purchases or transactions which exceed their available means, or speculations which might involve them in debt or difficulty, without regard to their estate or revenues; but he cannot, collaterally, assail his title to that plantation, nor the proceedings and orders of court, in and by which he acquired that title.

*Judgment affirmed.*